ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

*v.* BILLINGSLEY.

Opinion delivered June 11, 1906.

1.  CARRIER—INJURY TO PASSENGER—CONTRIBUTORY NEGLIGENCE.—The mere fact that a railway passenger stood up in a coach for the purpose of getting a drink of water while the coach was standing and while switching was being done by the engine for the purpose of making up the train, it being near the time for the departure of the train, can not be said, as matter of law, to constitute contributory negligence on the passenger's part. (Page 337.)

2.  SAME—EXCESSIVENESS OF DAMAGES.—Where a passenger had her thigh bone fractured by the negligence of the carrier, and suffered greatly for three weeks, when she died, a verdict for $5,000 as damages for her pain and suffering was not excessive. (Page 338.)

Appeal from Jackson Circuit Court; *Frederick D. Fulkerson,* Judge; affirmed.

*B. S. Johnson,* for appellant.

1.  The proximate cause of the injury to deceased was her own carelessness, in violation of the company's printed warning at the time posted in the coach. Railroads have the general power to make, and to require passengers to conform to, reasonable rules and regulations for the government of their business. 4 Elliott, Railroads, 1576; 45 Ark. 263; 47 Ark. 79; 49 Ark. 357. Passengers must take notice of and obey these general rules. *Ib.;* 30 S. W. 574; 38 Kan. 507; 29 Ind. 232; 8 Bissell, 131. See also, on the right to make rules, etc., 1 Elliott on Railroads, § 199; 31 Ark. 50; 118 Mass. 228; 55 N. Y. 108; 92 Ala. 204; 88 Ky. 232; 76 Penn. St. 510. Voluntarily and unnecessarily standing up in a car upon a freight train, where the company's rules forbid it, and one has warning of same, is, as a matter of law, negligence. 98 N. C. 494; 89 Mo. 233; 95 Ga. 376; 4 Elliott on Railroads, 2553; 52 Ark. 517. See also 40 Ark. 298; 14 Allen, 429; 107 Mo. 653; 18 Mo. App. 290; 41 *Ib.* 432; 16 Col. 103; 65 S. W. 1028. It was deceased's duty to read the notice, and her failure to do so can not now be pleaded in extenuation of her fault, or in justification of her standing up in the coach while switching was being done. 25 C. C. A. 489; 14 Allen, 429; 95 U. S.

439; 3 Allen, 18; 114 N. Y. 609; 29 Ind. 82; 65 Pa. St. 284; 33 Pa. St. 318; 132 Pa. St. 1; 58 Me. 176; 41 Minn. 178; 32 Md. 377; 85 Ga. 653; 56 Ia. 664; 78 Va. 645; 71 Ark. 593. And where, as in this case, the undisputed facts show the existence of contributory negligence upon the part of plaintiff, it is the duty of the court to instruct the jury to find for the defendant. 32 C. C. A. 283; 33 N. W. 474; 38 C. C. A. 412; *Ib.* 540; 14 Allen, 429; 51 Ill. 495; 31 N. Y. 314; 24 Ark. 613; 40 Ark. 322; 46 Ark. 528; 6 C. C. A. 643. See also 5 C. C. A. 347; 85 Pa. St. 283; 27 Am. & Eng. R. Cas. 216. The dangers incident to railroad travel are greater by freight than on passenger trains, and call for a correspondingly higher degree of care on the part of the passenger. 52 Ark. 517; 34 Am. & Eng. R. Cas. 552; *Ib.* 557; 8 Am. & Eng. R. Cas. (N. S.), 79; 26 Ill. 373; 16 Ill. 568; 57 Ark. 298; 46 Ark. 530.

2. The verdict was far in excess of what, under the proof, would be compensatory or remunerative.

*Stuckey & Stuckey, Jos. W. Phillips* and *S. D. Campbell,* for appellee.

1. There was no error in submitting the case to the jury under the evidence disclosed, upon proper instructions. As to the purported warning notice, an inspection of the record fails to disclose any identification, from competent evidence, of the contents of the placard; any evidence of such warning notice being posted in a conspicuous place; any testimony showing the size of the letters of the warning notice. Deceased had a right to enter the coach in this train, the right to go to the water cooler, get and drink the water, and to return to her seat, without being guilty of negligence, as a matter of law. Kirby's Digest, § § 6705, 6637.

2. The nature of deceased's injury and the proof of her suffering fully warrant the verdict.

Riddick, J. On the 30th of November, 1903, a mixed passenger and freight train of the defendant company was scheduled to leave Batesville for Newport, Arkansas, at about seven o'clock in the morning. Mrs. Mary L. Hurley, a lady 77 years old, went to the depot at Batesville for the purpose of going to Newport on this train. The passenger coach of the train was standing on the track opposite the waiting room of the depot. It being near the time for the departure

of the train, Mrs. Hurley got on the passenger coach.  About a half car length from this coach was a freight car standing on the track.  After Mrs. Hurley got in the passenger coach, she went to the front end of the coach for the purpose of getting a drink of water, and, while she was in the act of getting the water, two freight cars were kicked back against the freight car standing a short distance from the passenger coach.  They struck the car with considerable force, and it rolled back and struck the passenger coach, in which Mrs. Hurley was standing getting water, and the force of the collision was such that she was thrown down and injured.  A part of her thigh bone near the hip joint was fractured.  On account of her age or for some other reason the fractured bone did not unite, and after three weeks she died from the effects of the injury.  The administrator of her estate brought this action to recover damages for the pain and suffering caused by the injury.  On the trial he recovered a judgment for five thousand dollars.

It seems to be conceded that the court instructed the jury correctly as to the law of the case.  But the defendant contends that the facts show that Mrs. Hurley was guilty of contributory negligence, and that on that account her administrator can not recover.  The only act of negligence shown on her part is that she went to the front of coach to get a drink of water.  It was not shown that she remained standing longer than was necessary for that purpose, and the mere fact that she attempted to get a drink of water while the coach was standing, and while switching was being done by the engine, for the purpose of making up the train, does not in our opinion conclusively show negligence on her part.  The defendant's employees had placed the passenger coach on the track in front of the waiting room of the depot with doors unlocked.  It was near the time for the departure of the train, and Mrs. Hurley was justified in supposing that the coach was ready for the reception of passengers.  While a passenger on a local freight or mixed train might be charged with negligence if he stood up and unnecessarily exposed himself to danger, yet it is often necessary for passengers to have water, and the law requires passenger coaches to be supplied with it.  It is not usually considered dangerous for a passenger, who exercises due care in other respects, to stand up the short time required to

79—22

get a drink of water, and the court can not say, as a matter of law, that it is negligence to do so. That question, we think, was properly left to the jury.

A box car had been placed on the track about a half car length distant from and in front of the passenger coach. The brakes on this were set, and it thus acted as a sort of fender for the passenger coach to protect it from being struck by other cars kicked down by the engine or allowed to roll down. But two cars were allowed to strike this box car with such force that the brakes did not hold it, and it rolled on down and struck the passenger coach, causing the injury complained of. The evidence was sufficient, we think, to support the finding of the jury that the injury was caused by negligence of the defendant's employees.

The result of this injury was that Mrs. Hurley suffered greatly for three weeks, and then died. We are not able to say that a verdict for the amount recovered is excessive, and the judgment is affirmed.